IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LAVORIS LEROY WEATHERS**                                                     **PLAINTIFF**

**V.**                         **NO. 4:21-CV-83-DMB-JMV**

**LIFE HELP REGION 6**                                             **DEFENDANT**

### ORDER

After Lavoris Weathers filed a pro se complaint against Life Help Region 6 alleging various claims relating to the termination of his employment, Life Help moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Because the Court finds Weathers' complaint fails to state a claim but Weathers should be allowed the opportunity to cure his deficient allegations, his claims will be dismissed without prejudice to seeking leave to amend.

### I
### Procedural History

On July 7, 2021, Lavoris Weathers filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Life Help Region 6. Doc. #1. Weathers asserts various claims relating to Life Help's termination of his employment and seeks "actual damages for loss [sic] income, mental anxiety and stress and harassment as a result of [his] discharge." *Id.* at PageID 3. On August 9, 2021, Life Help moved to dismiss[1] with prejudice Weathers' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #5. Weathers responded on August 27, 2021, Doc. #9, and Life Help replied three days later, Doc. #10.

---

[1] The motion to dismiss states that Region VI Community Mental Health Commission d/b/a Life Help was "[i]ncorrectly identified in the Complaint as 'Life Help Region 6.'" Doc. #5 at 1 n.1.

## II
## Standard of Review

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* While pro se complaints are construed liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Brown v. Tarrant Cnty.*, 985 F.3d 489, 494 (5th Cir. 2021).

In ruling on a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020).

## III
## Factual Allegations

Weathers was employed by Life Help, a public employer,[2] for over ten years. Doc. #1 at PageID 2. Sometime after June 2, 2017, Weathers contacted Life Help's main office to report certain incidents involving his supervisor, Laquita Thomas. Doc. #1-7. Weathers was instructed to speak with Thomas' supervisor, Angela Carter. *Id.* After approximately three days of reporting

---

[2] *See* Doc. #1-4 (correspondence from the "Public Employees' Retirement System of Mississippi"). Because the correspondence is attached to the complaint, the Court may properly consider it at the 12(b)(6) stage. *See Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021).

2

these incidents to Carter, Weathers "informed her that [he] was going to go over her head [and] her response was, 'I'm going to protect myself.'" *Id.*

On March 4, 2021, Weathers submitted a personal leave request for March 29 through April 7. Doc. #1 at PageID 2; Doc. #1-2. Personal leave requests require a two-week prior notice. Doc. #1 at PageID 2. On March 28, 2021, the day before his requested leave was to begin, a co-worker informed Weathers that his request had been denied. *Id.* His leave request was signed by Thomas and marked "denied" on March 24, 2021. Doc. #1-2. On April 8, 2021, the day he was to return to work, Weathers "received a call from [his] supervisor … stating not to return to work until further notice." Doc. #1 at PageID 2.

On April 12, 2021, Weathers received an exit package. *Id.* at PageID 1. The next day, via certified mail, Weathers received a termination letter dated April 6, 2021. *Id.*; Doc. #1-3. The termination letter provided:

> The purpose of this letter is to notify you that Region VI Mental Health/Mental Retardation Commission, d/b/a Life Help, intends to terminate your employment effective April 7, 2021. … You may, within five (5) days of your receipt of this letter, make a request in writing to the Executive Director for a pre-termination hearing.

Doc. #1-3. Weathers did not request a pre-termination hearing. Doc. #1 at PageID 2.

## IV
## Analysis

In his complaint, Weathers alleges he is entitled "to recover actual damages for discharge in violation of the Whistleblower Protection Act" and his "Right to Pre-Termination Hearing under due process clause and work harassment."[3] Doc. #1 at PageID 1. Life Help seeks to dismiss Weathers' claims on the grounds that Weathers (1) is not a federal employee and has not exhausted

---

[3] Weathers makes clear in the introductory paragraph of his complaint that his lawsuit is based on these claims. His complaint, broadly read, appears to suggest other claims (such as, for example, denial of overtime pay). *See* Doc. #1.

3

his administrative remedies and (2) does not "identify a protectable interest and/or that he was deprived of the same" by Life Help's actions. Doc. #5 at 1–2.

### A. Whistleblower Protection Act

Life Help argues Weathers' Whistleblower Protection Act ("WPA") claim fails because Weathers has not alleged that he is a federal employee or that he exhausted his administrative remedies. Doc. #6 at 3–4. Weathers concedes he is not a federal employee but argues he was "purposely denied the opportunity to fight for [his] job" and that the WPA "still ties into" his due process claim. Doc. #9 at PageID 36.

"The WPA proscribes retaliation against a federal employee who discloses what the employee reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." *Aviles v. Merit Sys. Prot. Bd.*, 799 F.3d 457, 459 (5th Cir. 2015) (citing 5 U.S.C § 2302(b)(8)); *see Mount v. Dep't of Homeland Sec.*, 937 F.3d 37, 41 (5th Cir. 2019) ("[T]he WPA precludes an agency from engaging in prohibited personnel practices against a federal employee for that employee's involvement in certain whistleblowing activities.") (internal quotation marks omitted).

Although Weathers asserts that this action is "to recover actual damages for discharge in violation of the Whistleblower Protection Act of 1989," he admittedly does not allege that he was a federal employee or that Life Help is a federal entity. Doc. #1 at PageID 1; Doc. #9 at PageID 36. This pleading deficiency renders the complaint insufficient to state a claim under the WPA. *See Stern v. Epps*, 464 F. App'x 388, 392 (5th Cir. 2012) ("The court properly denied the claim because Stern was not an employee of the federal government covered by the WPA."). Further, Weathers has not cited any authority, and the Court is aware of none, to support the proposition

4

that his WPA claim "ties into" his due process claim such that it overcomes the fact that he is not a federal employee. Therefore, Weathers' WPA claim will be dismissed.[4]

### B. Due Process Clause

Life Help argues Weathers' due process claim fails because Weathers "has not asserted or pleaded the existence of any protected liberty or property interest" and the termination letter attached to the complaint provided Weathers an opportunity to request a pre-termination hearing but he failed to do so. Doc. #6 at 5. Weathers broadly responds that his denial of a pre-termination hearing "falls under the Due Process Clause" and does not address Life Help's argument that he was provided the opportunity to request a pre-termination hearing. Doc. #9 at PageID 36.

Section 1983 allows "persons who have been deprived of any rights, privileges, or immunities secured by the Constitution and laws of the United States by the actions of a person or entity operating under color of state law to seek redress from those state actors responsible for the deprivations." *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) (cleaned up) (quoting 42 U.S.C. § 1983). "To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Green v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (internal quotation marks omitted). To the extent Life Help argues a pre-termination hearing is not a protected interest under the Due Process Clause,[5] the Court, given Weathers' pro se status, liberally construes his allegations as an attempt to claim a property interest in his continued employment. However, even under a liberal construction, Weathers' due process claim fails.

---

[4] Because the Court has determined that Weathers failed to state a WPA claim, it need not address Life Help's argument regarding exhaustion of the claim.

[5] Doc. #6 at 5.

A property interest protected by the Due Process Clause "is not incidental to public employment and must be located in an independent source"[6] such as state law, employer policies, or contract. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577–78 (1972); *Dearman v. Stone Cnty. Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016) ("The Fourteenth Amendment, standing alone, does not create a protectable interest in continued public employment."). Weathers does not allege any facts sufficient to establish he has a property interest in his continued employment. Nor does he allege the existence of an employment contract or employee manual, or cite any Mississippi statute, ordinance, or case that might create a constitutionally-protected interest in continued public employment.

Further, as to Weather's allegation that he was denied a pre-termination hearing, the termination letter attached to the complaint provides, "You may, within five (5) days *of your receipt of this letter*, make a request in writing … for a pre-termination hearing." Doc. #1-3 (emphasis added). Weathers alleges "[t]here was no time left to request the hearing because the 5 days were up before [he] received the letter." Doc. #1 at PageID 2. However, "[w]here the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *In re RadioShack Corp. ERISA Litig.*, 547 F. Supp. 2d 606, 610 (N.D. Tex. 2008). Despite Weathers' contrary allegations, the termination letter clearly provided him five days from his receipt of the letter to request a pre-termination hearing. Because "an individual cannot claim to have been unconstitutionally denied pre-deprivation process if he purposely chose not to utilize constitutionally-adequate pre-deprivation procedures that were readily available to him," *Greene*, 890 F.3d at 243, Weathers' due process claim will be dismissed.

---

[6] *Bolton v. City of Dallas*, 472 F.3d 261, 263–64 (5th Cir. 2006).

### C. Nature of Dismissal

As explained above, Weathers fails to state claims under the WPA and the Due Process Clause and dismissal is warranted. The motion to dismiss seeks dismissal of Weathers' complaint with prejudice. Doc. #5 at 2.

> When the dismissal of a pro se complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint. However, a district court may dismiss with prejudice if the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings demonstrate that the plaintiff has pleaded his best case.

*Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (cleaned up). Because Weathers has not previously amended his complaint and it is not clear he has presented his best case,[7] dismissal of his complaint will be without prejudice to Weathers seeking leave to file an amended complaint.

### V
### Conclusion

Life Help's motion to dismiss [5] is **GRANTED in Part and DENIED in Part**. It is GRANTED such that Weathers' claims are **DISMISSED without prejudice**. It is DENIED in all other respects. Within fourteen (14) days of the entry of this order, Weathers may file a motion for leave to amend his complaint.[8]

**SO ORDERED**, this 14th day of January, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] *See supra* note 3.

[8] All filings must comply with the Court's Local Uniform Civil Rules, which are available on the Court's website. Among other things, they instruct that "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading." L.U. Civ. R. 7(b)(2).

7